**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WENDELL RENARD LINDSAY, II, | ) | CASE NO. 1:26-cv-01474 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **ORDER OF TRANSFER** |
| | ) | |
| WARDEN JAMES CRAIG, *et al.*, | ) | **(Addressing Doc. 1)** |
| | ) | |
| Respondents. | ) | |

Petitioner Wendell Renard Lindsay, II, an inmate in state custody at the North Central Correctional Complex in Marion, Ohio, filed pro se a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge his 2010 convictions in the Richland County Court of Common Pleas for rape, sexual battery and gross sexual imposition, and the State of Ohio's decision to deny him release on parole in 2021. (Doc. 1, 6/29/26) *See State of Ohio v. Lindsay*, No. 2010-CR-0419 (Richland Cty. CP Oct. 29, 2010). This is Petitioner's third federal petition for a writ of habeas corpus challenging his 2010 convictions and sentence. *See Lindsay v. Tibbals*, No. 1:13-cv-00309 (N.D. Ohio); *Lindsay v. Watson*, No. 1:23-cv-01649 (N.D. Ohio). For the reasons set forth below, the Court finds Petitioner's most recent habeas petition to be successive. Accordingly, the Court transfers the petition to the United States Court of Appeals for the Sixth Circuit for a decision as to whether Petitioner is permitted to proceed with the second or successive petition.

## I.

*Summary of Facts and State Court Procedural History.* In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The state appellate court summarized the facts underlying Petitioner's convictions as follows:

> {¶2} On March 4, 2010, ten-year-old N.J. approached her guidance counselor at school and told her "my mother's boyfriend has been raping me." (T. 197). During the investigation into the sexual assault, N.J. disclosed that her mother's boyfriend, appellant, had come into the room that she shared with her younger sister on the morning of March 4th, pulled down her underwear and stuck his tongue in her vagina. (T. at 198; 269). This was not the first time a sexual incident had occurred. All in all, N.J. told the social worker who interviewed her that the appellant had placed his mouth on her vagina approximately six times and penetrated her vagina with his penis a total of seven times. (T. at 271).
>
> {¶3} After the disclosures, N.J.'s father took her to the hospital for a sexual assault examination. The nurse who performed the exam found physical evidence consistent with N.J.'s allegations. As part of the examination, swabs were taken of the victim's vaginal area and the panties she was wearing at the time of the examination were collected. DNA collected from the panties and the vaginal area of N.J. was consistent with the appellant's DNA.

*State v. Lindsay*, No. No. 2010–CA–0134, slip op., 2011 WL 4361632, at *1 (Ohio App. 5 Dist. Sep. 19, 2011). A sentencing hearing was held on October 27, 2010. The trial court

merged the offenses for sentencing purposes and sentenced Petitioner to a term of ten years to life in prison. *Id.*

*Direct Appeals.* Petitioner filed a timely appeal of his convictions, setting forth the following assignments of errors:

> I. The trial court deprived Petitioner of Equal Protection under the Fourteenth Amendment by upholding the prosecutor's peremptory challenges to two Black jurors.
>
> II. The trial court denied him due process and the effective assistance of counsel by denying his request to change counsel during the trial and to have the judge recuse himself.
>
> III. The trial court erred by failing to continue the trial at his request.
>
> IV. He was denied due process by allowing evidence regarding domestic violence and adultery committed by him to be introduced into evidence.
>
> V. The trial court denied him due process by failing to exclude out-of-court statements made by the victim that were introduced through the testimony of other witnesses.
>
> VI. He was denied the effective assistance of counsel and due process.

*Lindsay*, *supra*, 2011 WL 4361632, at *1-2. The state court of appeals affirmed Petitioner's convictions and sentence. *Id.* at 14. Petitioner did not seek further review in the Ohio Supreme Court.

In December 2011, Petitioner filed a *pro se* application to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B), arguing that his appellate counsel

provided ineffective assistance. The state court of appeals denied the application, and the Ohio Supreme Court denied further review.

## II.

*First Federal Habeas Petition.* In February 2013, Petitioner filed his first federal habeas corpus petition in a case captioned *Lindsay v. Tibbals*, Case No. 1:13-cv-00309. Petitioner at that time raised the following six grounds for relief:

> **Ground One:** "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO EXCLUDE TESTIMONY AS TO THE CREDIBILITY AND/OR BELIEVABILITY OF THE ALLEGED VICTIM'S ALLEGATION AGAINST THE DEFENDANT; INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT FILING INEFFECTIVENESS ASSISTANCE [sic] OF TRIAL COUNSEL WHO FAILED TO OBJECT DURING THE TRIAL, TO COURT AND PROSECUTION'S MISCONDUCT ALLOWING TRUE DNA FACTS TO BE HIDDEN FROM THE EXPERT WITNESSES WHEN THE OUTCOME OF THE VERDICT RELIED ON THAT INFORMATION AND RESULTED IN A VERDICT THAT WAS AGAINST DUE TO BEING AGAINST THE PROPOUND PREPONDERANCE [sic]; BASED ON INSUFFICIENT EVIDENCE PRESENTED AT TRIAL. VIOLATING RULES OF EVIDENCE RULE 404(B), AND 403, ALSO VIOLATIONS OF DEFENDANT'S POST-MIRANDA RIGHTS, AND DUE PROCESS RIGHTS BY NOT SUPPRESSING EVIDENCE BEFORE TRIAL."
>
> **Ground Two:** "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO EXCLUDE FROM EVIDENCE PRIOR ALLEGATIONS OF SEXUAL ACTS; ALSO BY FAILING TO EXCLUDE OPINION TESTIMONY AS TO THE CREDIBILITY AND/OR BELIEVABILITY OF THE STATE WITNESSES. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR NOT FILING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHO NEGLECTED TO OBJECT TO THE TRIAL COURT WHEN IT ALLOWED TESTIMONY FROM FRIENDS-OF-THE-COURT, PREJUDICING THE DEFENDANT

WHEN THIS FACT WAS OBVIOUS; ALSO, RESULTING IN A PREJUDICE [sic] OUTCOME IN THE TRIAL, VIOLATING DEFENDANT'S SIXTH AMENDMENT [WORLEY'S] OR CONFRONTATION, EQUAL PROTECTION AND DUE PROCESS OF LAW; AND NOT PROTECTING AGAINST PROSECUTOR MISCONDUCT."

**Ground Three:** "THE EVIDENCE OF THE FIVE DIFFERENT GROUPS OF CHARGES SHOULD HAVE BEEN SEPARATED DUE TO THE EVIDENCE OF THE CHARGES COULD ONLY CONFUSE THE JURY, THUS RESULTING IN A CONFUSING VERDICT BASED ON EVIDENCE NOT SUPPORTING THE CONVICTION; AND RESULTING IN A SENTENCE OUTSIDE THE STATUTORY GUIDELINES, AND IS VOID."

**Ground Four:** "THE DEFENDANT'S [sic] WAS DENIED EQUAL PROTECTION OF THE LAW, AND HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN THE DNA EVIDENCE USED AT TRIAL, WAS OBTAINED THROUGH AND FROM AN ILLEGAL ARREST, THEN USED AS THE EVIDENCE IN THE CONVICTION AND TO CONVICT THE DEFENDANT. (FRUITS FROM A POISONOUS TREE); WARRANTING A MANDATORY SUPPRESSION, OHIO CRIM P. 12(B)(3); PLAIN ERROR; INSUFFICIENCY OF THE EVIDENCE."

**Ground Five:** "THE STATE INTENTIONALLY PROVOKED A MISTRIAL BY SHOWING NUDE PHOTOS OF THE ALLEGED VICTIM IN A COMPROMISING POSITION, AND MAKING UNAPPROPRIATED [sic] REFERENCE OF THE PHOTOS TO THE JURY; AND OTHER PERSONAL COMMENTS, BY THE PROSECUTOR, AS TO TESTIFY DURING THE TRIAL AS HIS OWN STATE WITNESS; (PROSECUTOR MISCONDUCT). ALSO THE TRIAL JUDGE PREJUDICED THE PROCEEDINGS BY BEING INVOLVED IN A CHAIN CONSPIRACY, CONSTITUTED, ENTRAPMENT PROSECUTING THE DEFENDANT FOR A PREVIOUS CASE RENDERING THE DEFENDANT HELPLESS TO HELP HOLD AND PROSECUTE THE DEFENDANT FOR THIS CASE, AND WHILE IT WAS CLEAR THE JUDGE SHOULD HAVE RECUSED HIMSELF."

> **Ground Six:** "THE DEFENDANT WAS NOT PROTECTED BY THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT, WHEN THE COURT, DURING THE "VOIR DIRE," ALLOWED A CONTAMINATED INFLUENCE [sic] TO STAND AS A JUROR, WHEN IT WAS CLEAR THAT THE JUROR WAS A MAGISTRATE FOR RICHLAND COUNTY, AND HAD NOT DISCLOSED THAT HE HAD PREVIOUSLY ASSISTED THE PROSECUTION BY SIGNING A WARRANT IN A PRIOR CASE RESULTING IN A MALICIOUS CONVICTION, OF THIS DEFENDANT, TWO MONTHS PRIOR, AND DURING THE TIME THAT THIS CASE WAS PENDING. ALSO, ALLOWING A PSYCHOLOGIST WHO WAS AWARE OF THIS CASE ALLEGATIONS TO BE PART OF THE JURY POOL; (VOIR DIRE), IN THE COMPANY OF THE MAGISTRATE (UNDISCLOSED TO THE PROCEEDING) DURING THE PROCESS OF PICKING A JURY WHEN THE POSSIBILITY OF UNFAIR PREJUDICE WOULD OBVIOUSLY RESULT; THE DEFENDANT WAS FOUND GUILTY, AND THIS SITUATION WAS HID [sic] FROM THESE PROCEEDINGS UNTIL BEING DISCOVERED 06/12/2012, THROUGH A PRIVATE SOURCE, AND RESULTING IN PLAIN ERROR, WARRANTING A NEW TRIAL."

(Doc. 1, 2/12/13, PageID #6-10)

This Court adopted the Report and Recommendation of Magistrate Judge Nancy Vecchiarelli dismissing grounds four, five, and six, without prejudice at Petitioner's request, and dismissing grounds one, two, and three on the merits with prejudice. (Docs. 26 and 27, 2/29/16). Petitioner appealed that decision. On July 19, 2017, the Court of Appeals denied a certificate of appealability. (Doc. 29, 7/19/17)

*Additional State Court Filings.* Following the denial of his first federal habeas petition, Petitioner returned to state court and filed a series of requests for a new trial and/or a new sentence. On December 3, 2021, Petitioner filed a petition for a writ of habeas

corpus in the Ohio Third District Court of Appeals. He claimed that the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority had granted him release on parole. Then on the day of his scheduled release, the APA changed its decision, claiming he was sentenced under Ohio S.B. 260, also known as the Sexually Violent Predator Sentencing Law, based upon the age of the victim and the nature of the offense. The state argued that he had no constitutional right to be released on parole. The state court concluded that Petitioner had been sentenced under Ohio Rev. Code § 2971.03, the Sexually Violent Predator Law, and not under a sexually violent predator specification. The state court also issued a *nunc pro tunc* entry correcting his tier of sex offender status.

Petitioner appealed that decision to the Ohio Supreme Court, claiming that: a liberty interest had been established in parole after the parole board granted his release; the State had altered the definition of his criminal conduct without prior notice and in violation of ex post facto prohibitions; and the separation of powers doctrine prohibited the executive branch from altering a judicially-imposed sentence. The Ohio Supreme Court affirmed the judgment of the Ohio Third District Appellate Court. *State ex rel. Lindsay v. Department of Rehabilitation & Correction*, 170 Ohio St. 3d 480, 483 (2023).

## III.

*Second Federal Habeas Petition.* On August 24, 2023, Petitioner filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2254 in a case captioned *Lindsay v. Watson*, No. 1:23-cv-01649. In this second petition, he asserted four grounds for relief:

> **Ground One:** Petitioner was denied due process and equal protection under the Fourteenth Amendment after being scheduled for parole release on June 17, 2021 and then denied release without a sound constitutional parole revocation proceeding or procedural due process.
>
> **Ground Two:** The North Central Correctional Complex/ Management & Training Corporation violated the Ex Post Facto Clause of the United States Constitution by altering his sentence and increasing his punishment after rescinding his parole.
>
> **Ground Three:** Violation of the Separation of Powers Doctrine. According to Petitioner, the doctrine prohibits the Executive Branch of government from overriding a court's judgment entry about what the law requires in a case. His sentence, therefore, could not be annulled or modified from what the sentencing court had determined.
>
> **Ground Four:** The Ohio Supreme Court's entry in his appeal of his state habeas petition was erroneous, did not apply to the subject matter of the appeal and the issues; and that the discretionary power to release him on parole was made despite SB 260.

(Doc. 1, 8/24/23, PageID #5-10)

This Court held that although this was Petitioner's second petition, it was not a successive petition because it concerned a decision made by the Ohio Adult Parole Authority after the litigation of the Petitioner's first habeas petition had concluded. The event in question had not yet occurred when he filed his first petition; therefore, he could not have raised the issue at that time. Nevertheless, on April 29, 2025, the Court dismissed the petition on the merits, finding that ground four was procedurally defaulted, and finding that grounds one, two, and three failed on the merits. (Doc. 20, 4/29/25) Petitioner sought reconsideration of the ruling. (Doc. 22, 5/8/25) The Court denied Petitioner's motion. (Doc. 23, 5/13/25)

Petitioner did not appeal the denial of his petition or the denial of his motion for reconsideration. Instead, he moved the Court of Appeals for an order authorizing this Court to consider a second of successive petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court of Appeals held that to obtain such authorization, Petitioner had to make a prima facie showing that his proposed claims satisfy 28 U.S.C. § 2244(b). (Doc. 24, 11/25/25) Any claim presented in the prior petitions could not serve as a basis to proceed unless the claim relied on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court and previously unavailable; or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found Petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Petitioner proposed seven potential grounds for habeas relief that he wanted to assert in his successive petition:

> **Ground One:** The prosecution improperly amended Petitioner's indictment after his trial and sentencing to change the dates of the charged offenses.
>
> **Ground Two:** He was denied release after being granted parole.
>
> **Ground Three:** The trial judge should have recused himself, and the defense counsel had a conflict of interest.
>
> **Ground Four:** There was insufficient evidence to convict him.

> **Ground Five:** The jury verdict form did not state either the degree of the felony or contain other vital information.
>
> **Ground Six:** He was denied due process when the trial court allowed evidence of domestic violence and adultery to be admitted into evidence.
>
> **Ground Seven:** This Court denied his second petition based on the unsubstantiated fact that the Ohio Adult Parole Authority had rescinded his parole.

The Court of Appeals held that the second and sixth grounds were raised in prior habeas petitions and could not be raised in a successive petition. It further held that his first, third, fourth, and fifth grounds were not raised in prior petitions but were not based on new law or newly discovered evidence and, thus, could not be asserted in a successive petition. Finally, the Court of Appeals held that Petitioner's seventh ground should have been asserted on appeal and could not be asserted in a successive petition. On November 25, 2025, the Court of Appeals denied Petitioner's motion requesting an order to authorize this Court to consider a second or successive petition. (Doc. 24, PageID #1160)

**IV.**

*Third (Current) Federal Habeas Petition.* Despite the order by the Court of Appeals denying Petitioner's request for permission to file a second or successive petition, Petitioner has now filed a third petition for a writ of habeas corpus under 28 U.S.C. § 2254. This petition is written as a narrative, making it difficult to determine exactly which grounds for relief he intends to assert. Liberally construing the petition, the Court has identified eight grounds for relief that Petitioner appears to be asserting:

> **Ground One:** The Ohio Department of Rehabilitation and Correction altered Petitioner's sentence by adding a sexually violent predator designation to his record in violation of ex post facto prohibitions and the separation of powers doctrine.
>
> **Ground Two**: Petitioner's sentence did not mention a finding of being a sexually violent predator, and its addition later is not authorized by law.
>
> **Ground Three**: Petitioner's convictions and sentence relied on a verdict form that lacked information concerning the degree of felony and other vital information about his offense.
>
> **Ground Four**: Petitioner's classification as a sexually violent predator was in error.
>
> **Ground Five**: Prison employees denied Petitioner due process by denying his release on parole.
>
> **Ground Six**: Petitioner was not given meaningful consideration for parole at the expiration of his minimum indefinite sentence in 2021.
>
> **Ground Seven**: Petitioner was denied the effective assistance of counsel at the pretrial stage.
>
> **Ground Eight**: The jury verdict was inconsistent.

(Doc. No. 1, 6/29/26, PageID #3, 16, 18, 19, 25, 27)

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, the petitioner must move in the appropriate Circuit Court of Appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to entertain a successive petition for a writ of habeas corpus in the absence of an order from the Court of Appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a second or successive petition is filed

in this Court without § 2244(b)(3) authorization, this Court must transfer the petition to the Court of Appeals. *Id.*

This is Petitioner's third petition for a writ of habeas corpus attacking the same convictions and sentence. The first, second, fifth, and sixth grounds in the most recent petition were already raised in his second habeas petition, and were denied on the merits. The first, second, third, and eighth grounds were raised in his past motion to the Court of Appeals seeking permission to file a second or successive habeas petition. At that time, the Court of Appeals denied Petitioner's request to file a successive petition on these grounds. His fourth and seventh grounds are raised for the first time in this petition but date back to events that occurred prior to the filing of his first and second habeas petitions.

For these reasons, the petition for federal habeas relief under consideration here is successive. That being the case, this Court is without jurisdiction to entertain the petition unless authorized to do so by the Court of Appeals for the Sixth Circuit.

## V.

Petitioner filed with his petition a motion to proceed in forma pauperis (Doc. 2, 6/29/26) and a motion for appointment of counsel (Doc. 3, 6/29/26). Because the question whether Petitioner is permitted to pursue his federal habeas petition in this Court must first be answered by the Court of Appeals, the Court denies at this time both the motion to proceed in forma pauperis and the motion for appointment of counsel without prejudice subject to refiling by Petitioner in the event the Court of Appeals permits him to proceed with his third federal habeas petition.

* * * * * *

Accordingly, the petition for relief pursuant to 28 U.S.C. § 2254 (Doc. 1) is transferred to the United States Court of Appeals for the Sixth Circuit for a ruling as to whether Petitioner is permitted to pursue his successive petition before this Court. Petitioner's motion to proceed in forma pauperis (Doc. 2) and his motion for appointment of counsel (Doc. 3) are denied without prejudice subject to being refiled by Petitioner in the event the Court of Appeals permits Petitioner to proceed with his habeas petition.

IT IS SO ORDERED.

Date: August 28, 2026

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE